**McDONALD v. COMMISSIONER OF INTERNAL REVENUE.**

No. 8361.

Circuit Court of Appeals, Third Circuit.
Argued Oct. 19, 1943.
Decided Dec. 9, 1943.

Frederick E. S. Morrison and John W. Bodine, both of Philadelphia, Pa. (Drinker, Biddle & Reath, of Philadelphia, Pa., on the brief), for petitioner.

Maryhelen Wigle, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, and J. Louis Monarch, Sp.

Assts. to Atty. Gen., on the brief), for respondent.

Before JONES, GOODRICH, and McLAUGHLIN, Circuit Judges.

## McLAUGHLIN, Circuit Judge.

The petitioner here seeks to deduct, from his 1939 taxable income, the lawful expenses for his campaign for election to public office. During said campaign he was the incumbent of the particular position by reason of an ad interim appointment. The United States Court of Tax Appeals disallowed the deduction. The matter is here on petition for review of that decision.

On his behalf it is urged in the alternative: that such deduction is allowable as ordinary and necessary expenses incurred in his trade or business; or as a loss on a transaction entered into for profit; or as ordinary and necessary expenses incurred for the production or collection of income.

█ The expenses here were strictly in compliance with the state statute and legitimate in their entirety. The office sought by the petitioner carried a ten year term. Such a period embraces a substantial picture of permanency. It might well represent the future availability of such aspirant for the particular position. We do not see that petitioner's age has been stated in the testimony but it does appear that in 1939 he had been practicing law thirty-five years. In any event, the objective of the expenditures was to obtain a considerable amount of money, over at least a decade of years. Under the decisions, an outlay of this sort is in the nature of a capital item. As such, it is not deductible under any of the arguments of the petitioner. This particular type of case is a matter of first impression in the Circuit Court of Appeals but the principle involved has been passed on in this Circuit in Clark Thread Co. v. Commissioner, 100 F.2d 257. There the petitioner had paid over a sum of money to a competitor, in consideration of the latter abstaining from the use of the name Clark on its products. The amount paid was set out as a deduction for the particular year. The Court held that it was a capital expenditure, with derived benefits enuring to the Clark Company over a period of many years. It said on page 258 of 100 F.2d: "The benefits derived from this right cannot be confined to the year in which it was acquired and, therefore, the cost of ac-

quiring it cannot be charged against income earned in that year."

To much the same effect is another decision of this Circuit in Newspaper Printing Co. v. Commissioner, 56 F.2d 125.

█ The petitioner urges that his campaign expenses are deductible from gross income as coming within the language of Section 23(a)(1) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 23(a)(1), reading: "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *." It is not disputed that this language as it is construed, (for example, Higgins v. Commissioner, 312 U.S., 212, 61 S.Ct. 475, 85 L.Ed. 783) means that the expenses must be directly connected with the carrying on of the taxpayer's business, in order to be deductible. But the petitioner contends, that is just the situation, namely, that the campaign for election was part of the taxpayer's business. The public office, petitioner was holding by appointment, was that of county judge. In 1939 he was running for election to that position. His campaign expenses are the claimed deduction. These were all incurred prior to the election itself. They involved the usual type of such disbursements. None of them had the slightest relationship to the functioning of the judicial office. Two cases in the then Board of Tax Appeals are quite similar to the instant one. In the first, Reed v. Commissioner, 13 B.T.A. 513 (reversed on another issue, 3 Cir., 34 F.2d 263, reversed 281 U.S. 699, 50 S.Ct. 352, 74 L.Ed. 1125) a candidate for the United States Senate, attempted to deduct his campaign expenses. The Board held; that running for office is not a business carried on for the purpose of a livelihood but only preparation for the actual deriving of income from a subsequent holding of the office if elected. The petitioner attempts to distinguish that case from the one at bar. He says that the taxpayer in the Reed matter was not in the office at the time he campaigned for it; whereas the present petitioner was actually the incumbent. We do not see any important difference in the two sets of facts. Both candidates were running for offices whose terms commenced in the future. The expenses in each case had solely to do with the desired future period of the particular position.

The second Tax Appeals decision is Linsay v. Commissioner, 34 B.T.A. 840.

There, a Congressman endeavored to deduct the expenses of trips to his home city. The trips were for the purpose of keeping in touch with his constituents. The deduction was refused, under the authority of the Reed case. The Board held that such an item was in the nature of campaign expense and unconnected with the functions of the office of Congressman. In that case there was a stipulation between the parties that maintenance of contacts with his constituents was necessary to Linsay's reelection.

The second of petitioner's alternative arguments is under Section 23(e)(2) of the Internal Revenue Code. That allows as a deduction, by an individual, losses sustained during the taxable year "if incurred in any transaction entered into for profit, though not connected with the trade or business."

▆ In Dresser v. United States, 55 F. 2d 499, at page 510, 74 Ct. Cl. 55, certiorari denied, 287 U.S. 635, 53 S.Ct. 85, 77 L.Ed. 550, the Court said: "A loss, in order to be deductible under the statute, must be an unintentional parting with something of value."

In Giurlani & Bro. v. Commissioner, 9 Cir., 119 F.2d 852, at page 857 the opinion reads: "We reiterate, the parting with the money by the taxpayer here was deliberate and intentional, according to the testimony introduced by it." And on the same page: "Failure to realize a desired profit is not of itself a loss. If this taxpayer did not make the expenditure, there would be no loss, for all that would happen would be failure to show a desired profit."

Here, petitioner made his contribution of his own free will, in order to obtain the support of his political party in both the primary and general election campaign. He received such support. In addition, and more or less in connection therewith, his money paid for advertising, clerical assistance, transportation and other necessary campaign disbursements. Personally, politically and professionally, he had the benefit of the publicity. When he arranged for his party's backing he had no guarantee of election. Of necessity, he knew that he might be defeated. In reality, he made his party contribution in order that he might be its candidate, and facing the unescapable fact that he could lose out at the election. Fairly, he received what he paid for. Unhappily for him, it did not result in victory

and, therefore, continuance in his position. Certainly, his money disbursements were not the involuntary parting with something of value contemplated by the statute as constituting a deductible loss.

Petitioner's last point is under Section 121(a) of the Revenue Act of 1942 which added to Section 23(a) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 23(a)(2), the following: "(2) Nontrade or non-business expenses. In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income."

This amendment came about as the result of the decision of the United States Supreme Court in Higgins v. Commissioner, 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783. In that case a claimed deduction under Section 23(a)(1), for the expense of managing the taxpayer's investments, was denied. The Court held that such management did not constitute a "trade or business." Since non-trade and non-business income was taxable, steps were taken to include in the Code an amendment allowing deduction of expense in connection therewith. The retroactive 1942 amendment followed. The regulation accompanying the amendment specifically excludes such a deduction as here asserted. That regulation is Section 19.23(a)-15 (as added to by T.D. 5196 1942-2 Cum.Bull. 96).

"(b) * * *

"Among expenditures not allowable under 23(a)(2) are the following: * * *

Campaign expenses of a candidate for public office."

▆ Section 23(a)(2) forthrightly corrected unfair situations of the Higgins type where taxes were being paid on non-business income with no deduction allowed for expenses in connection therewith. But that section has no application to the instant facts. Prior to that amendment, petitioner's salary, as a public official, was business income. From this, ordinary and necessary business expense was deductible. Had petitioner been elected in 1939, that same pattern would have continued.

The decision of the Tax Court is affirmed.