## O'DONNELL ET UX. *v.* COMPTROLLER OF THE TREASURY OF THE STATE OF MARYLAND

[No. 219, September Term, 1972.]

*Decided March 27, 1973.*

The cause was argued before MURPHY, C. J., and BARNES, MCWILLIAMS, SMITH, DIGGES and LEVINE, JJ.

*Michael L. Schwartz* for appellants.

*Jon F. Oster, Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General,* on the brief, for appellee.

SMITH, J., delivered the opinion of the Court.

We here find ourselves concerned with what quite obviously is a matter of principle since the amount of taxes involved including interest and penalty was but $44.62 when the matter was determined by the Maryland Tax Court.

The question presented is whether a Maryland lawyer who gives up his private practice to accept appointment to a judicial office is permitted to deduct in the computation of his taxable income for Maryland income tax purposes his filing fees and campaign expenses connected with his subsequent election to that office. Since the adoption of Art. III, § 35A of the Constitution of Maryland by the people of Maryland on November 5, 1940, possibly as a sequel to *Gordy v. Dennis,* 176 Md. 106, 5 A. 2d 69 (1939), the salary of Maryland judges has been taxable by the State. Oddly enough, Judge William J. O'Donnell, appellant here with his wife, was bailiff to Baltimore Chief Judge Samuel K. Dennis, the appellee in that case, at the time of the 1939 litigation.

The facts are not in dispute. On September 16, 1964, Judge O'Donnell, who was then the State's Attorney for Baltimore City, was appointed as a Baltimore City trial judge by the Governor of Maryland. He resigned as State's Attorney and took his oath of office as judge on October 5, 1964. In order to remain in office two years later in accordance with Art. IV, § 5 of the Constitution he was obliged to seek election by the people of Baltimore City to that office. Since he filed in both the Republican and Democratic primaries, he incurred filing fees of $300, $25 for each of the legislative districts of Baltimore City for each nomination, under what was then Code (1957) Art. 33, § 57 (a), the fee being payable under § 59 (a) by "[t]he Board of Supervisors of Elections of Baltimore City . . . to the mayor and city council of Baltimore." Under "the sitting judge policy" discussed in *Smith v. Higinbothom*, 187 Md. 115, 48 A. 2d 754 (1946), Judge O'Donnell paid an "assessment" in the amount of $500 to the Committee of the Bar Association of Baltimore City for the Election of the Sitting Judges. After the deduction of campaign contributions he had other expenses of $44.41 in connection with his successful campaign for election. He claimed the total of $844.41 as a deduction on his 1966 Maryland income tax return. This sum was disallowed by the Comptroller and by the Maryland Tax Court, thus producing this appeal.

Code (1957, 1965 Repl. Vol.) Art. 81, § 304 (a) in effect at the time here relevant, unchanged since then, required the Comptroller to "apply as far as practicable the administrative and judicial interpretations of the federal income tax law." The provisions of law here involved are Art. 81, § 281 (a) permitting deduction of "[a]ll ordinary and necessary expenses . . . paid or incurred during the taxable year in carrying on any trade or business . . ." and § 281 (n) allowing deduction of "[a]ll ordinary and necessary expenses . . . paid or incurred during the taxable year for the acquisition of income . . . ." These sections have been replaced by Chapter 142 of the Acts of 1967 so that § 281 (a) now provides that if a

resident individual "has itemized his deductions from adjusted gross income in determining his federal taxable income, he may elect in determining his taxable income under [Article 81] to deduct the sum of such itemized deductions."

The taxpayers here put forth three theories under which they should be permitted to deduct these expenses, (1) that the expenditures were ordinary and necessary expenses in the carrying on of a trade or business, (2) that they were ordinary and necessary expenses paid or incurred in the acquisition of income, and (3) that the filing fees constituted taxes.

In *McDonald v. Commissioner of Internal Revenue,* 323 U. S. 57, 65 S. Ct. 96, 89 L. Ed. 68 (1944), the Supreme Court had before it the question of the deductibility of campaign expenses of an individual who gave up his private law practice to accept appointment to the Court of Common Pleas of Luzerne County, Pennsylvania, and who then incurred at the next following election expenses similar to but substantially in excess of those incurred by Judge O'Donnell. The taxpayers here derive aid and comfort from the fact that, as seems to happen from time to time in the Supreme Court of the United States, there was no opinion of the Court. Mr. Justice Frankfurter announced the conclusion and judgment of the Court and delivered an opinion in which the Chief Justice and two other justices concurred, while Mr. Justice Black delivered a dissenting opinion in which three justices concurred. However, Mr. Justice Rutledge concurred in the result announced by Mr. Justice Frankfurter, which result affirmed a determination by the Commissioner of Internal Revenue, affirmed previously both by the Tax Court of the United States (1 T. C. 738) and the U. S. Court of Appeals for the Third Circuit (139 F. 2d 400), that the claimed expenses were not properly deductible.

The taxpayers here cited the decision of the U. S. Tax Court in *Primuth v. Commissioner,* 54 T. C. 374 (1970),

which permitted deduction by a taxpayer of sums paid an employment agency in obtaining a better job. Their encouragement by that case must be short lived, however, because in *Carey v. Commissioner*, 56 T. C. 477 (1971), *aff'd per curiam*, 460 F. 2d 1259 (4th Cir. 1972) *cert. denied*, 409 U. S. 990, 93 S. Ct. 325, 34 L. Ed.2d 257 (1972), that same body, citing *McDonald* and distinguishing *Primuth*, declined to permit the deduction of expenses incurred by a labor union official who sought re-election to his post as president of the International Union of Electrical, Radio, and Machine Workers, which paid him $25,000 per year. As Mr. Justice Frankfurter put it in *McDonald*, quoted at page 480 of *Carey*, the "campaign contributions were not expenses incurred in being a judge but in trying to be a judge for the next [term]."

The taxpayers attempt to distinguish the language in Art. 81, § 281 (n) of our Code permitting deduction of expenses for the "acquisition of income" from that appearing in § 212 of the Internal Revenue Code allowing deduction of sums spent for "production or collection of income." We regard this as a distinction without a difference. Under the mandate of the General Assembly in § 304 (a) to "apply as far as practicable the administrative and judicial interpretations of the federal income tax law," we consider ourselves bound under *McDonald* and *Carey* to hold that these expenses are not properly deductible under §§ 281 (a) and 281 (n).

The contention that the filing fees were taxes must likewise fall. The case of *Nichols v. United States*, 223 F. Supp. 709 (N.D. Ga. 1963), relied upon by the taxpayers, arose, as pointed out in that case, prior to the promulgation of Revenue Ruling 60-366 CB, 1960-2, pp. 63-65, holding such fees to be neither a business expense deduction properly allowable to a candidate for political office nor a tax deductible by such candidates. The Attorney General of Maryland in 52 Op. Att'y Gen. 133 (1967), said of a filing fee:

"We are inclined to view the exaction of a filing fee of $50.00 from candidates . . . as a reasonable expedient adopted by the legislature to regulate the election and to prevent wholesale filing of certificates of candidacy by persons regardless of their fitness or qualifications for office." (Citing cases.) *Id.* at 134.

In the revenue ruling just mentioned it was said, quoting from 53 C.J.S. *Licenses* (1948) § 3 at 453:

"A charge imposed as a consideration for a privilege granted one by a governmental unit is not a 'tax' in the sense in which that word is ordinarily used."

That is but little different from what the Attorney General said and is a comment that fits the filing fee here.

Sympathizing, as we must, with the contentions of the taxpayers here, we conclude that the Maryland Tax Court was correct in its determination that the items here involved were not properly deductible in computing the Maryland income tax liability of the taxpayers.

*Order affirmed; appellants to pay the costs.*