596 A.2d 1012

**John W. LYON, et al.**

v.

**Larry A. CAMPBELL, et al.**

**Misc. No. 41, Sept. Term, 1990.**

Court of Appeals of Maryland.

Oct. 10, 1991.

Laura P. Masurovsky, Robert S. Litt, Thomas M. Patton, and Williams & Connolly, all on brief, Washington, D.C., for appellants.

Arnold M. Weiner, Thomas J. Zagami, and Hazel & Thomas, P.C., all on brief, Baltimore, for appellees.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

KARWACKI, Judge.

This case comes to us from the United States District Court for the District of Maryland, pursuant to the Uniform Certification of Questions of Law Act, Maryland Code (1989), §§ 12–601 to –609 of the Courts and Judicial Proceedings Article. That court certified the following question for our determination:

"If a corporation fails to pay over to the Comptroller income taxes which have been withheld from its employees, and if the Comptroller imposes personal liability for those income taxes upon an officer of the corporation who exercises direct control over its fiscal management, pursuant to § 10–906 of the Maryland Tax Code, does that corporate officer have a right to seek contribution from

other corporate officers who are alleged by the corporate officer on whom personal liability was imposed to have also exercised direct control of the corporation's fiscal management?"

## I.

John W. Lyon and Larry A. Campbell, parties to the federal court litigation, are the sole shareholders of I.C.E., Inc., a Nevada corporation which was the parent of several companies including Excavation–Construction, Inc. (Excavation). Lyon and Campbell, as officers of Excavation, allegedly exercised direct control over its fiscal affairs and were required to withhold Maryland income taxes from the corporation's employees and to remit those taxes to the Comptroller of the Treasury. In or about September, 1979, Excavation filed a petition under Chapter 11 of the federal bankruptcy laws.

Prior to its bankruptcy, Excavation had failed to pay over $415,000 in withheld taxes to the State of Maryland. The Comptroller of the Treasury filed liens to collect the unpaid withholding taxes from Lyon pursuant to Maryland Code (1988, 1991 Cum.Supp.), § 10–906(d) of the Tax–General Article, which imposes personal liability for failure to withhold taxes on any corporate officer who exercises direct control over the corporation's fiscal management. On or about June 28, 1990, Lyon paid $150,000 to the Comptroller, which was accepted in full satisfaction of the liens.

On October 11, 1990, Lyon and his wife filed a complaint against Campbell and his wife in the Circuit Court for Prince George's County, Maryland. The complaint contained three counts, only one of which, Count Three, is relevant to the certified question of law before us. In Count Three, Lyon sought contribution of $75,000 from Campbell, alleging that both he and Campbell were liable for Excavation's unpaid withholding taxes and that $75,000 represented Campbell's pro rata share of the sum that Lyon had paid to settle the State tax claim.

The Campbells removed the case to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1441 (1988) because of the diversity of citizenship between themselves and the Lyons. Thereafter, Campbell moved to dismiss Count Three pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that it did not state a claim upon which relief could be granted, asserting that there was no right to contribution for unpaid taxes under Maryland law. After the arguments on the motion were fully briefed, the United States District Court certified the question set forth above to this Court.[1]

## II.

Campbell presents two alternative arguments in support of his position that no right to contribution exists between persons jointly obligated under Md.Code (1988, 1991 Cum. Supp.), § 10–906(d) of the Tax–General Article. First, relying principally on several cases which have denied a right of contribution under the similar provision of the Internal Revenue Code, 26 U.S.C. § 6672(a) (1988),[2] Campbell argues that Md.Code (1988), § 10–107 of the Tax–General Article requires that § 10–906(d) be interpreted consistently with its federal counterpart. Alternatively, Campbell contends that even if § 10–107 does not require that § 10–906(d) be construed consistently with § 6672(a), Lyon has no common law basis for his claimed right of contribution. We are not persuaded by either of these propositions for the reasons we now explain.

---

**1.** The parties agreed on the form of the certified question.

**2.** 26 U.S.C. § 6672(a) provides in relevant part that:
"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over."

### III.

It is firmly established in Maryland that one debtor may claim contribution from another equally obligated for discharging their mutual obligation. *See, e.g., Jackson v. Cupples*, 239 Md. 637, 639–40, 212 A.2d 273, 274 (1965) ("We have many times held that one joint obligor may claim contribution from another such obligor for having discharged their mutual obligation."); *Mallis v. Faraclas*, 235 Md. 109, 115–16, 200 A.2d 676, 680 (1964) ("It is well-settled law that one joint obligor may claim contribution from another obligor for having discharged their mutual obligation.").

The doctrine of contribution originated in courts of equity, and at first was available only in those courts, as contribution actions were based upon principles of equity and natural justice. *Craig et al. v. Ankeney*, 4 Gill 225, 231 (1846) ("The doctrine of contribution is not founded in contract; but is an implied equity, resting upon the plainest principles of moral and natural justice. For, in the language of Justice Story, 'as all are equally bound, and are equally relieved, it seems but just, that in such a case, all shall contribute in proportion, towards a benefit obtained by all....' "). *See also Smith v. Anderson*, 18 Md. 520, 527 (1862) ("It has been very correctly said, that the rights to contribution, as between sureties, arise out of the principles of equity and justice which grow out of the relations of the parties to each other."). These principles require that persons under a common burden shall bear responsibility in equal proportions. It is equally true that the doctrine of contribution is founded on morality, since no one ought to profit by another person's loss where he or she has incurred a like responsibility. *See Craig et al. v. Ankeney*, 4 Gill at 231.

The right to contribution is frequently exercised in cases of co-guarantors of a debt. For example, in *Jackson v. Cupples, supra*, endorsers on a note brought a suit for contribution because some of the endorsers refused to

contribute their pro rata share in satisfaction of the joint obligation. The Court held that a trustee who paid the defaulted note on behalf of all endorsers of the note could maintain a suit in equity against the endorsers who had not contributed their pro rata shares. 239 Md. at 639–40, 212 A.2d at 274–75. Similarly, in *Hooper v. Hooper,* 81 Md. 155, 31 A. 508 (1895), three persons guaranteed a debt owed by another. When the debtor became insolvent, two of the guarantors paid the debt and proceeded in equity against the third guarantor for contribution. The Court held that they were entitled to recover one-third of the whole debt, that is, the third guarantor's pro rata share of the debt. *Id.* at 174, 31 A. at 511.

According to the factual predicate of the certified question posed to us, Lyon and Campbell were both officers of Excavation with direct control over its fiscal management and were required to pay to the Comptroller income taxes that were withheld from Excavation's employees. Maryland's income tax withholding statute provides in relevant part that if a corporate employer

"negligently fails to withhold or to pay income tax ... personal liability for that income tax extends ... to

(i) any officer of the corporation who exercises direct control over its fiscal management; or

(ii) any agent of the corporation who is required to withhold and pay the income tax."

Md.Code (1988, 1991 Cum.Supp.), § 10–906(d) of the Tax-General Article. Thus, Lyon and Campbell allegedly were jointly and severally liable for any failure to withhold under § 10–906(d). Because the right to contribution arises where the parties are under a common obligation or liability, there is no just reason why the general equitable principles of Maryland law should be ignored in this case so as to exempt Campbell from responsibility for his share of the debt.

Indeed, we agree with Lyon's argument that this case is analogous to the debt surety cases which present the model for equitable contribution. Under § 10–906(d), corporate officers who exercise direct control of the corporation's

fiscal management are effectively made guarantors of the corporate tax obligation by imposing personal liability on them for that tax. As our predecessors observed many years ago in *Craig et al. v. Ankeney, supra:*

> "A payment thereof, by one of them, redounded with equal benefit, to the discharge of the other. Upon every principle, therefore, of morality, equity, and common justice, if one of them paid the whole debt, he had a right, by way of contribution, as well in a Court of law, as in Chancery, to recover, from the other security, a moiety of the sum paid."

4 Gill at 231. If, as alleged, Lyon's payment to the Comptroller afforded equal benefit to Campbell by relieving him of personal liability for the taxes, under Maryland common law Lyon is entitled to contribution of Campbell's pro rata share of the amount Lyon paid to satisfy their joint obligation.

## IV.

Despite this well established principle of Maryland law, Campbell argues that there is no right of contribution between persons jointly obligated under § 10–906(d). Campbell contends that Md.Code (1988), § 10–107 of the Tax–General Article requires that Maryland's income tax withholding provision, § 10–906(d), be interpreted consistently with its federal counterpart, 26 U.S.C. § 6672(a), of the Internal Revenue Code. Campbell asserts that since there is no right of contribution under § 6672(a), there should be no right of contribution under 10–906(d). We reject that notion on several grounds.

## A.

Section 10–107 of Md.Code (1988), Tax–General Article provides in pertinent part that:

> "To the extent practicable, the Comptroller shall apply the administrative and judicial interpretations of the federal income tax law to the administration of the income tax laws of this State."

Campbell posits that § 10–107 requires that this Court in interpreting § 10–906(d) adopt the interpretation by federal courts of § 6672(a).

We observe that the issue presented by the certified question concerns the collateral right between two private parties to allocate the burden of a joint tax obligation, not the "administration of the income tax laws." Indeed, as discussed in Section D, *infra*, the equitable state law right to contribution exists regardless of whether such a right exists under federal law. In addition, § 10–107 does not require Maryland courts to follow federal precedent regardless of differences between the relevant state and federal statutes; where the Maryland and Internal Revenue Codes are not exactly comparable, as in this case, interpretations under the Internal Revenue Code can offer guidance but need not be relied upon by Maryland courts in interpreting the Maryland tax code. *See, e.g., Dun & Bradstreet Corp. v. Comptroller*, 86 Md.App. 258, 265–67, 586 A.2d 752, 755–56 (1991).

Section 10–107 applies where the Maryland tax code is " 'inextricably keyed' " to the federal tax code "by virtue of its adoption of the federal law." *Comptroller v. Chesapeake Corp.*, 54 Md.App. 208, 213–14, 458 A.2d 459, 463 (1983). It avoids the "anomalous result" of the taxpayer achieving a different result regarding payment of Maryland tax where the Maryland tax provision incorporates the federal tax provision. *See Comptroller v. Diebold, Inc.*, 279 Md. 401, 409, 369 A.2d 77, 82 (1977) (holding that where the Maryland tax code incorporates a federal tax code provision, the interpretation of the Maryland and federal tax provisions should be consistent).

Here, however, § 10–906(d) of the Tax–General Article, neither is keyed to nor adopts 26 U.S.C. § 6672(a); rather, the two statutes merely address the same subject—liability for failure to pay withholding taxes. There, the similarity begins and ends. *See* Section C, *infra*. Importantly, the General Assembly could have, but did not, incorporate the

language of § 6672(a) in § 10–906(d).[3]  The policy in favor of interpreting state tax law identically to federal tax law is considerably weaker where, as here, there is no linkage between state and federal statutes.[4]  No "anomalous result" will be reached in this case by allowing a right to seek contribution because the Maryland provision does not incorporate federal law and the computation of state tax is in no way dependent upon the computation of federal tax.

### B.

Lyon readily admits that there is no federal right of contribution under 26 U.S.C. § 6672(a).  The vast majority of federal courts have held that a responsible corporate official, who has been required to pay federal withholding taxes for failure of his corporation to do so, has no right to claim contribution pursuant to § 6672(a) from either the corporation or any other corporate official.  *See, e.g., Sinder v. United States*, 655 F.2d 729, 732 (6th Cir.1981); *Seachrist v. Riggs*, 91–1 U.S.Tax Cas. (CCH) ¶ 50,019, 1990 WL 260538 (N.D.W.Va.1990);  *Rice v. Pearce*, 574 F.Supp. 23, 26 (S.D.Iowa 1983);  *Geiger v. United States*, 78–1 U.S.Tax Cas. (CCH) ¶ 9395, 1978 WL 1206 (D.Md.1978); *DiBenedetto v. United States*, 75–1 U.S.Tax Cas. (CCH) ¶ 9503, 1974 WL 791 (D.R.I.1974).  Section 6672(a) imposes this personal liability upon "any person required to collect,

---

**3.**  Section 10–906 was originally enacted in 1957.  Ch. 570 of the Acts of 1957.  Section 6672 was originally enacted in 1954.  Act of August 16, 1954, Pub.L. No. 83–591, 68A Stat. 828.

**4.**  Campbell references a number of cases in which the appellate courts of this State have interpreted Maryland tax provisions consistently with administrative and judicial interpretations of the Internal Revenue Code.  *See Comptroller v. Diebold, Inc., supra; O'Donnell v. Comptroller*, 268 Md. 412, 302 A.2d 42 (1973); *Marco Assoc. v. Comptroller*, 265 Md. 669, 291 A.2d 489 (1972); *Katzenberg v. Comptroller*, 263 Md. 189, 282 A.2d 465 (1971); *Dep't of Assessments v. Loyola Federal*, 79 Md.App. 481, 558 A.2d 428 (1989); *Comptroller v. Chesapeake Corp., supra*.  These cases all deal with tax statutes which incorporate provisions of the federal tax code.  None involves a Maryland statute which is as markedly different from its federal counterpart as § 10–906(d) is from § 6672(a).

truthfully account for, and pay over any [withholding] tax ... who willfully fails to collect such tax...." The persons liable under § 6672(a) are described in the case law as "responsible persons." While there may be more than one responsible person in a given case, *Braden v. United States*, 442 F.2d 342, 343 (6th Cir.), *cert. denied*, 404 U.S. 912, 92 S.Ct. 229, 30 L.Ed.2d 185 (1971); *Krueger v. United States*, 326 F.Supp. 231, 233 (E.D.Wis.1971); *Abrams v. United States*, 333 F.Supp. 1134, 1146 (S.D.W.Va.1971), each such person is individually liable for the entire amount of a § 6672(a) assessment which has been separately assessed against him or her. *See, e.g., Brown v. United States*, 591 F.2d 1136, 1142 (5th Cir.1979); *Kelly v. Lethert*, 362 F.2d 629, 635 (8th Cir.1966). Thus, the statute serves as a collection device for the government, and not as a source of a right to contribution between "responsible persons."

We agree with Campbell that the seminal case on lack of entitlement to contribution under § 6672(a) is *DiBenedetto v. United States, supra.* In reaching its conclusion, the district court in that case observed that in the absence of specific statutory authority, no federal common law right of contribution exists, and that the Internal Revenue Code fails to provide for any right to contribution in its penalty provisions. Furthermore, the court remarked that liability under § 6672(a) can be imposed only for *willful* failures to collect or truthfully account for and pay over such taxes. The court drew a distinction between the willful conduct required under § 6672(a) and mere negligence:

> "[T]he statute imposes joint and several liability only if the act is voluntary, conscious and intentional as opposed to merely accidental or inadvertent.... If the Corwins are found to have acted willfully, and are thus held liable under § 6672, the Court fails to see how the mere negligence of others should work to diminish such liability or create an independent cause of action."

Finally, the court remarked that a right of contribution would effectively thwart the essentially penal nature of § 6672(a) liability.

Thus, in ruling that no federal right to contribution exists for payment of a penalty imposed pursuant to § 6672(a), federal courts have stressed the absence of a federal common law right to contribution, the "willfulness" intent requirement of § 6672(a), and the severe civil penalty provided in the federal statute. *See, e.g., Rebelle v. United States,* 588 F.Supp. 49, 51–52 (M.D.La.1984). Section 10–906(d) shares none of these attributes, and therefore, we conclude that the federal cases which have rejected a state law right to contribution under the Internal Revenue Code rest upon principles that are inapposite here. The reasons advanced by federal courts for denying contribution under § 6672(a) are unpersuasive when applied to the markedly different Maryland statute.

## C.

There are controlling differences between § 10–906(d) of the Tax–General Article and 26 U.S.C. § 6672(a) that dictate the application of the general principles of equitable contribution to joint obligations imposed by § 10–906(d). First, the federal statute imposes liability only upon a person who acts "willfully," whereas § 10–906(d) imposes liability on certain officers and agents of a corporate employer who *"negligently* fail to withhold or to pay income tax." (emphasis added). Section 10–906(d) thus has a broader scope than § 6672(a), holding many persons liable who have engaged in conduct that would not be penalized under § 6672(a).[5]

---

**5.** *See, e.g., Slodov v. United States,* 436 U.S. 238, 254, 98 S.Ct. 1778, 1788, 56 L.Ed.2d 251, 266 (1978) ("The fact that [§ 6672(a) ] imposes a 'penalty' and is violated only by a 'willful failure' is itself strong evidence that it was not intended to impose liability without personal fault."); *Klotz v. United States,* 602 F.2d 920, 923–24 (9th Cir.1979) ("In establishing willfulness [under § 6672(a) ], the Government ... must prove more than mere negligence."). The requirement of "willful-

Second, in contrast to § 6672(a), § 10–906(d) does not impose a "penalty" on the employer for failure to withhold or pay income tax. Rather, § 10–906(b) provides that the corporate employer holds income tax withheld from its employees "in trust" for the State, and based on a negligence standard provides for the collection of that tax from "any officer of the corporation who exercises direct control over its fiscal management; or any agent of the corporation who is required to withhold and pay the income tax." § 10–906(d). In contrast, § 6672(a) permits the Internal Revenue Service to collect both the deficient withholding tax and a 100% penalty over and above that tax from the responsible parties. *See, e.g., Levit v. Ingersoll Rand Financial Corp.,* 874 F.2d 1186, 1191 (7th Cir.1989) ("[N]othing in the text of § 6672(a) prevents the Commissioner of Internal Revenue from collecting both the taxes withheld by the employer and the penalty from the responsible person."). Imposing a penalty in addition to recovering the deficient tax is not an option available to the Comptroller under § 10–906(d). The General Assembly could have written § 10–906(d) to mirror the provisions of § 6672(a), but it did not. Instead it enacted a substantially different statute with a different scope, creating a different liability.

### D.

■ Whether a right to contribution exists for liability imposed pursuant to § 10–906(d) is determined by Maryland law. Other courts have recognized that state law can provide a right of contribution for one who pays more than his pro rata share under § 6672(a). *See Schoot v. United*

---

ness" in § 6672(a) was considered pivotal by a number of federal courts which ruled that no federal right to contribution exists under the federal statute. *See, e.g., Rebelle,* 588 F.Supp. at 52.

*States,* 664 F.Supp. 293, 297 (N.D.Ill.1987) (Illinois law); *Swift v. Levesque,* 614 F.Supp. 172, 177 (D.Conn.1985) (Connecticut law); *Reid v. United States,* 558 F.Supp. 686, 688–89 (N.D.Miss.1983) (right to indemnification under Mississippi law); *Esstman v. Boyd,* 605 S.W.2d 237, 241–42 (Tenn.Ct. App.1980) (state law right to contribution under both the federal and state tax codes). For example, the Tennessee Court of Appeals in *Esstman v. Boyd, supra,* allowed a corporate officer who had paid a penalty under § 6672(a) contribution from another corporate officer. The Tennessee Court of Appeals stated:

> "As a matter of substantive law, the principle of contribution is founded not upon contract but upon principles of equity and natural justice, which require that those under a common obligation or burden shall bear it in equal proportions and one party shall not be subject to the advantage of his co-obligor. The basic elements are that both parties be under a common obligation and that the parties [sic] seeking contribution has paid more than his proper share of the obligation."

605 S.W.2d at 241 (quoting *Huggins v. Graves,* 337 F.2d 486, 489 (6th Cir.1964)). That a number of federal and state courts have recognized that a state law right to contribution exists under § 6672(a) confirms our conclusion that a right to contribution should be available under Maryland common law for liability imposed pursuant to § 10–906(d) of the Tax–General Article. Where, as in Maryland, a tradition of granting the equitable remedy of contribution exists, there is no good reason to shunt it aside when dealing with a payment of corporate withholding taxes pursuant to § 10–906(d).

Campbell argues that recognizing a right to contribution will create time-consuming delays that will interfere with the efforts of the Comptroller to collect the taxes due. In this case, the Comptroller has received payment and is in no way prejudiced by Lyon's efforts to secure contribution in

this entirely separate action.[6]  Because the right to contribution only arises after a party has paid more than his pro rata share of a joint obligation, the Comptroller's right to receive payment is not impeded by the collateral right to contribution.  Furthermore, there is no indication that suits for contribution for payment pursuant to § 10–906(d) will be any more complex or time-consuming than other contribution cases routinely heard by our courts.

■  For the foregoing reasons, we hold that a corporate officer who discharges a corporate tax liability under § 10–906(d) has a right to seek contribution from other officers who have also exercised direct control of the corporation's fiscal management and consequently share a common burden under § 10–906(d).

QUESTION OF LAW ANSWERED AS HEREIN SET FORTH; COSTS TO BE EQUALLY DIVIDED BETWEEN THE PARTIES.

---

6.  The court in *Swift v. Levesque, supra,* specifically noted that permitting contribution under § 6672(a) "in no way inhibits the efficient collection of taxes owed to the government, provided the claim of contribution is brought as an action separate from that brought by the IRS pursuant to § 6672."  614 F.Supp. at 177 (citations omitted).