**Leonard ESSTMAN, Plaintiff–Appellee,**

v.

**Kenneth H. BOYD and wife, Mary Ann Boyd, Defendants–Appellants.**

Court of Appeals of Tennessee, Middle Section.

Nov. 30, 1979.

Certiorari Denied by Supreme Court March 10, 1980.

Lawrence E. Levine, Kent E. Krause, Levine & Rosenblum, Nashville, for plaintiff–appellee.

Howard F. Butler, James W. Cameron, Ben C. Fordham, Butler, Tune & Entrekin, Nashville, for defendants–appellants.

## OPINION

SHRIVER, Presiding Judge.

Plaintiff, Leonard Esstman, filed suit in the Chancery Court at Nashville against Kenneth H. Boyd, and later amended to include Mary Ann Boyd as a party defendant, seeking contribution by defendants in the matter of certain debts paid by plaintiff in satisfaction of a note at the First American National Bank in which plaintiff Esstman and defendant, Kenneth H. Boyd, were guarantors, and also, by amended complaint, to recover contribution from defendants because of payment made by the plaintiff to the Internal Revenue Service in satisfaction for withholding taxes of the corporation in which Esstman and the Boyds were officers.

There was a counter–suit by defendant, Kenneth H. Boyd, claiming certain salary and other debts allegedly owed him by the corporation and for which he claimed plaintiff, counter–defendant, Leonard Esstman, was liable to him.

The case was tried before Chancellor Robert S. Brandt on oral testimony and documentary evidence and resulted in a judgment of dismissal of the action against Mary Ann Boyd (from which no appeal was taken) and a judgment against Kenneth H. Boyd in favor of the plaintiff for one–half the amount of the debt to the bank, and for one–half of the amount of the withholding taxes paid by plaintiff to the Internal Revenue Service.

From the foregoing judgment, defendant, counter–plaintiff Boyd has appealed and has assigned errors.

–The Pleadings and Proceedings Below–

The original complaint, filed February 24th, 1977, avers that plaintiff, Leonard Esstman, and defendant, Kenneth H. Boyd,

organized a corporation by the name of Computerized Apartment Locaters, Inc., wherein both plaintiff and defendant Boyd were stockholders and directors, the defendant Boyd becoming President and plaintiff Esstman Secretary–Treasurer of said corporation.

It is alleged that Esstman and Boyd signed a contract of guaranty to the First American National Bank of Nashville, dated September 28th, 1973, to guarantee an indebtedness to the Bank of the foregoing corporation. A copy of said contract is attached to and made a part of the bill of complaint.

It is further alleged that, pursuant to the contract certain loans were made to the corporation and when said loans became due, the corporation failed to pay and that under the terms of the contract of guaranty both parties were equally liable and equally responsible for said note. It is further alleged that plaintiff Esstman paid said note in the amount of $31,454.41 and, therefore, is entitled to a judgment against defendant Boyd for the sum of $15,727.20, plus interest from the date of the payment of the note, plus a reasonable attorney's fee which is provided for in said note.

Thereafter, plaintiff, on motion and leave of Court, amended his complaint so as to include Mary Ann Boyd, wife of Kenneth H. Boyd, as a defendant, it being alleged that she was an officer, director and stockholder in the aforementioned corporation. It was also alleged that the defendant, Mary Ann Boyd, is liable for one–third of the amount paid by the plaintiff to the Internal Revenue Service, which amount was $31,000.67, and that, therefore, each of the two defendants were liable for their respective one–third shares of said indebtedness which was paid by the plaintiff.

By a Second Amended Complaint, it was alleged as follows:

"As a result of the insolvency of Computerized Apartment Locaters, Inc., said corporation did not pay to the United States Government its withholding taxes on employees such as Kenneth H. Boyd as it was required to do. Thereafter, a deficiency including penalty and interest was assessed against the officers and directors of Computerized Apartment Locaters, Inc., by the Internal Revenue Service.

"Pursuant to § 26–6672 [26 U.S.C.A. § 6672] of the United States Code Annotated (as well as other sections of the Income Tax Law of the United States) all the officers, directors of the corporation are personally responsible to pay over the withholding tax to the United States Government. The said Leonard Esstman having paid the United States Government the sum of $31,000.67 now requests from the Court that he be reimbursed by the remaining officers and directors, Kenneth H. Boyd and wife, Mary Ann Boyd, for their proportional share of the $31,000.67 that he paid to the United States Government for withholding taxes. The said Leonard Esstman further alleges that most of the withholding tax was on the salary of Kenneth H. Boyd.

"The defendant, Leonard Esstman, alleges that there were no other officers or directors of said corporation except Kenneth Boyd, Mary Ann Boyd and Leonard Esstman."

The prayers of the complaint are for contribution, as hereinabove set forth.

The Answer of defendant, Kenneth H. Boyd, admits the allegations with respect to the corporation, his position as officer and President of the said corporation; denies that he handled the fiscal affairs of the corporation but alleges that same were handled by Secretary–Treasurer Esstman; avers that he was not given access to the records of the corporation by the Secretary–Treasurer, and denied that he was liable for contribution and counter–sues for certain salary that he claimed was due him.

After a trial of the case, the Chancellor filed a Memorandum calling for additional briefs and argument and, thereafter filed his Memorandum stating that the Court previously issued an Opinion overruling the first three grounds of defendant's motion for a new trial and ordering further argument on the fourth ground concerning liability of the defendant for one–half the penalty tax payment.

The Court in the Memorandum stated, inter alia:

"In reaching its decision on the merits, the Court applied federal tax law in determining that the defendant is a person who is liable for taxes withheld under 26 U.S.C. § 6672. To determine the plaintiff is entitled to contribution from the defendant for one–half of the amounts paid to the Internal Revenue Service, the Court applied Tennessee's law of contribution."

After noting that neither of the two new defensive theories argued in the new trial hearing were presented to the Court before or during the trial and stating that it is fundamental that a party cannot raise a new issue or offer a new line of proof in a motion for new trial which was not presented to the Court at a trial of a case, citing *Lones v. Blount County Beer Board*, 538 S.W.2d 386 (Tenn. 1976), and other authorities, the Court stated:

"The Trial Court has the discretion to grant a new trial upon a new issue or theory only when necessary to avoid a gross injustice. *Wright & Miller, Federal Practice and Procedure*, Civil § 2805. This is not such a case. To the contrary, an injustice would result if the defendant were able to avoid his responsibility for the taxes withheld but not paid to the Internal Revenue Service. The defendant was the manager of the corporation, he signed the corporation's quarterly tax returns, he signed corporate checks, and he participated in the decision not to pay the Internal Revenue Service. Moreover, a substantial part of the liability of the IRS was for withholding from the defendant's own salary. Should the defendant avoid contribution, the result would be that the plaintiff has paid the defendant's personal income taxes."

The motion for a new trial was overruled and an appeal granted which was later perfected to this Court.

–Assignments of Error–

There are two Assignments of Error, as follows:

"I. The Trial Court erred as a matter of law in denying the second ground of the defendant's Motion for New Trial because the evidence sought to be introduced demonstrated the plaintiff's fraudulent conduct and was new material evidence of such fraud that a court of equity which is a court of conscience and which is charged with the duty to ferret out such fraud, should deny relief to the plaintiff who is a guilty party thereof.

II. The Trial Court erred as a matter of law in holding the defendant liable for one–half of the penalty and tax payment voluntarily paid by the plaintiff because there was no individual assessment made against the defendant and under both Federal and State law there is no right to contribution for this kind of a tax payment."

–Our Conclusions–

As to the *first assignment*, the rule stated in *Darnell v. McNichols*, 22 Tenn.App. 287, 122 S.W.2d 808 (1938), and repeated in *Hunt v. Hoppe*, 22 Tenn.App. 540, 124 S.W.2d 306 (1939), and numerous decisions of this Court and the Supreme Court, is:

"The granting or refusal of a new trial rests largely in the discretion of the Trial Judge."

Our Court, in *Gardner v. Burke*, 28 Tenn.App. 119 (122), 187 S.W.2d 25 (1945), quoted with approval 39 Am.Jur. New Trial, 201–202, as follows:

"In American Jurisprudence there is the following terse statement of the rule: 'Since the granting or denying of a new trial is discretionary with the trial judge, his ruling cannot be relied on as ground for reversal unless an abuse of discretion is shown. . . .' "

And the burden is on the movant to show the abuse of discretion.

In *Brown v. University Nursing Home*, 496 S.W.2d 503 (Tenn.App. 1973), our Court held:

"In considering . . . matter of granting a new trial on the ground of newly discovered evidence, [the trial judge] is vested with . . . very broad [discretion].

"The granting of a new trial for newly discovered evidence is not favored by the courts but is looked on with suspicion."

■ We have examined the record and fully concur in the action of the Chancellor in overruling the motion, hence, the first assignment is overruled.

■ As to *Assignment No. 2*, no question is raised and no assignment filed challenging the Court's decision that the defendant Boyd is liable for his one-half of the amount paid by the plaintiff in discharge of the note held by the Bank on which both plaintiff and defendant were guarantors; hence, the only question remaining is whether or not the Chancellor erred as a matter of law in holding that the defendant Boyd is liable for one-half of the penalty and tax payment paid by the plaintiff to the Internal Revenue Service in discharge of an assessment against the corporation for money held out of the salaries of employees of the corporation in payment of Federal Income Tax of those employees.

The Chancellor held that Mr. Boyd was the Manager of the corporation; that he had authority to sign checks; that he did sign corporate tax returns and participated in the decision to pay other creditors than the Internal Revenue Service out of proceeds in the hands of the corporation; that as President of the Corporation and Chief Executive Officer, Mr. Boyd was largely responsible for hiring and firing and had joint control over the financial affairs of the firm along with the plaintiff Esstman. The Chancellor stated:

"So in recapitulating the seven factors, Mr. Boyd meets all of the criteria as one who could have been held liable for the Federal Taxes withheld from the employees but not paid over to the Government."

In Gibson's Suits in Chancery, Sec. 1012, p. 264, 5th Ed., it is said:

"Where two or more persons are bound by a common charge, not arising from a tort, and one of them pays more than his share of the common liabilities, he can compel the other or others to reimburse him. This rule of Equity is based on the broad principle that where one person has discharged more than his share of a debt or obligation which others are equally bound with him to discharge, the others ought in conscience to refund him enough to reduce his burden to an equality with theirs."

Also, in stating the general law with respect to these matters, the Sixth Circuit U.S. Court of Appeals summarized the law of contribution as follows:

"As a matter of substantive law, the principle of contribution is founded not upon contract but upon principles of equity and natural justice, which require that those under a common obligation or burden shall bear it in equal proportions and one party shall not be subject to the advantage of his co-obligor. The basic elements are that both parties be under a common obligation and that the parties seeking contribution has paid more than his proper share of the obligation. Although the legal obligation on the part of each obligor must actually exist, it is not a requirement, in absence of a statute so providing that the obligation be reduced to a judgment against one or both of the co-obligors." *Huggins v. Graves*, 337 F.2d 486 (6th Cir. 1964).

In his Memorandum, the Chancellor stated that an injustice would result if the defendant were able to avoid his responsibility for the taxes withheld but not paid to the Internal Revenue Service and, as hereinabove indicated, he pointed out that the defendant was the manager of the corporation, signed its quarterly tax returns and corporated checks and participated in the decision not to pay the Internal Revenue Service with money that had been withheld from the salaries of employees. And then, as pointed out, the Court made this significant holding:

"Moreover, a substantial part of the liability to the IRS was for withholding from the defendant's own salary. Should the defendant avoid contribution, the result would be that the plaintiff has paid the defendant's personal income taxes."

While, apparently, the Internal Revenue Service did not make an assessment of these unpaid taxes against the plaintiff and the defendant Boyd as officers of the corporation in charge of its finances, nevertheless, it is clear that the Internal Revenue Service could have, and undoubtedly would have made such an assessment had not the plaintiff paid these taxes which had been assessed against the corporation.

It is in the evidence that the plaintiff and the defendant discussed this situation and were fully aware of their responsibility.

This Court is satisfied that the Chancellor not only met the requirements of justice and equity in his decision, but was fully justified under the law in holding the defendant Boyd liable to plaintiff.

It results that both assignments are overruled and that the judgment of the Chancellor is affirmed.

AFFIRMED.

DROWOTA and LEWIS, JJ., concur.