Stuart H. KING, Plaintiff,

v.

UNITED STATES of America, Defendant,

R. Hale King, Additional Defendant
on Counterclaim.

No. 94–3332–CV–S–4.

United States District Court,
W.D. Missouri,
Southern Division.

Oct. 30, 1995.

Mark E. Gardner, Carmichael, Gardner & Clark, Springfield, MO, for Plaintiff.

Carol E. Schultze, Tax Division, United States Dept. of Justice, Washington, DC, for Defendant.

R. Hale King, pro se.

### ORDER

RUSSELL G. CLARK, Senior District Judge.

Before the Court is Defendant United States' motion for summary judgment against Plaintiff Stuart King and additional counterclaim Defendant R. Hale King. Stuart King responded to the motion although Hale King did not. Time for filing a response has run and no extensions have been granted or requested. Consequently, the motion is ripe for review.

The motion against Hale King is based largely upon his responses to the requests for admissions, production of documents, and interrogatories served upon him by the United States. The motion against Stuart King is based largely upon his deemed admissions, pursuant to F.R.C.P. 36(a), when he did not respond in time to the request for admissions served upon him on June 26, 1995. However, upon motion by Stuart King, this Court granted him leave to file answers to the requests for admissions out of time on October 2, 1995.

There are well settled principles in ruling on a motion for summary judgment. Summary judgment is appropriate when there is no genuine issue of material fact present in the case and judgment should be awarded to the party seeking the motion as a matter of law. *Langley v. Allstate Insurance Co.*, 995 F.2d 841, 844 (8th Cir.1993). Because the summary judgment remedy is drastic, it should not be granted unless the moving party has established the right to a judgment with such clarity that there is no room for controversy. *Umpleby v. United States*, 806 F.2d 812, 814 (1986). However, as the Supreme Court noted in *Celotex Corp. v. Catrett*, 477 U.S. 317, 328, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986): "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole."

In order for a motion for summary judgment to be defeated, the nonmoving party must resist the motion by making a sufficient showing on every element of its case on which it bears the burden of proof, *Rath v. Selection Research, Inc.*, 978 F.2d 1087, 1090 (8th Cir.1992), and the factual dispute "must be outcome determinative under prevailing law." *Get Away Club v. Coleman*, 969 F.2d 664, 666 (8th Cir.1992). In *Celotex Corp.*, 477 U.S. at 322–323, 106 S.Ct. at 2552–2553, the Court held that summary judgment is mandated against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. "In such a situation, there can be 'no genuine issue as to any material fact' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." However, such a motion is to be viewed in the light most favorable to the opposing party who also must receive the benefit of all reasonable inferences to be drawn from the

underlying facts. *Johnson v. Minnesota Historical Society*, 931 F.2d 1239, 1245 (8th Cir.1991).

The standard for granting a motion for summary judgment is similar to that of a directed verdict: the evidence must be such that a reasonable jury could not return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Westchem Agr. Chemicals, Inc. v. Ford Motor Co.*, 990 F.2d 426 (8th Cir.1993), *reh. denied*, May 6, 1993. Summary procedures are appropriate where the issues for resolution are primarily legal rather than factual. *Id.* at 1092. Issues of fact must be material to a resolution of the dispute between the parties; where the only disputed issues of fact are immaterial to the resolution of the legal issues, summary judgment is appropriate. *Get Away Club, Inc. v. Coleman*, 969 F.2d 664, 666 (8th Cir.1992). In ruling on a motion for summary judgment, the Court does not decide material fact issues, rather it determines whether or not they exist. *Parmenter v. Federal Deposit Ins. Corp.*, 925 F.2d 1088, 1092 (8th Cir.1991).

With these standards in mind, the Court will proceed to consider defendant's motion for summary judgment.

The uncontroverted facts are as follows. During 1987 and part of 1988, federal social security and income taxes from the wages of the employees of Tops Express and King Leasing, Inc. were not properly collected and paid over to the United States. A delegate to the Secretary of the Treasury of the United States assessed a 100 percent penalty against both Stuart and Hale King on or about December 31, 1990. Pursuant to a partial disallowance letter dated August 31, 1992, the IRS partially abated the assessment against both Stuart and Hale King, leaving a total assessment of $89,756.38 plus interest and costs against each of the Kings. This action was brought by Stuart King for failure of the IRS to refund $249.88 paid by him on November 7, 1990, in partial payment of the withholding tax for one employee of King Leasing and one employee of Tops Express. The United States filed a counterclaim against Stuart King and Hale King, as an additional counterclaim defendant.

Hale King was an officer, director, and sole shareholder of King Leasing, Inc. d/b/a Tops Express, which leased tractor-trailer units to companies that needed freight hauled. Although not an officer or director, Stuart King was an employee of King Leasing in charge of computation and payment of wages to the driver-employees of King Leasing. In January 1988 his payroll duties were expanded to include calculation of office and shop personnel wages, and weekly compilation of all trust fund withholdings. In addition, both Hale and Stuart King had authority to sign corporate checks. It appears, however, that Stuart King's authority was limited to signing payroll checks unless specifically ordered by Hale King to sign a check for payment to a creditor. During the time period in question, Hale King paid other creditors of King Leasing while having knowledge that withholding taxes were owed to the United States.

Sections 3102 and 3402 of 26 United States Code require employers to withhold federal social security and income taxes from the wages of their employees. The money withheld from each employee's wages constitutes a special fund held in trust for the benefit of the United States pursuant to Section 7501 of the Code. To protect against revenue losses, Section 6672(a) of the Code provides that when a person responsible for collecting, accounting for and paying over withholding taxes willfully fails to do so, he is liable for a 100 percent penalty equal to the total amount of the taxes held in trust. A Section 6672 assessment against a responsible person is equivalent to a tax. Once the tax is assessed, a rebuttable presumption arises that the assessment is correct. *Helvering v. Taylor*, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623 (1935). Thus, the taxpayer has the burden of proving lack of responsibility or lack of willfulness. *Olsen v. United States*, 952 F.2d 236, 239 (8th Cir.1991). That is so with respect to both the taxpayer's claim for refund and the United States' counterclaim. *McDermitt v. United States*, 954 F.2d 1245, 1251 (6th Cir.1992). Section 6672 imposes liability on an individual if two re-

quirements are met: (1) the person must be a "responsible person," and (2) the person must act "willfully" in not paying over the taxes.

■ "Responsible persons are those who have the status, duty and authority to avoid the corporation's default in collection or payment of the taxes." *Kenagy v. United States*, 942 F.2d 459, 464 (8th Cir.1991). No single fact is dispositive as to whether an individual is a responsible person, but such facts include whether a person: (1) is an officer, director or member of the board of directors, (2) owns substantial stock in the company; (3) manages the day-to-day operations of the business; (4) has the authority to hire or fire employees; (5) makes decisions as to the disbursement of funds and payment of creditors; (6) possesses the authority to sign company checks; and (7) signs the employer's tax returns. *Barnett v. Internal Rev. Serv.*, 988 F.2d 1449, 1455 (5th Cir. 1993); *Kinnie v. United States*, 994 F.2d 279, 283 (6th Cir.1993); *Brounstein v. United States*, 979 F.2d 952, 954–55 (3rd Cir.1992). However, a "responsible person" need not be an officer, director, shareholder, employee, disbursing officer, or payroll clerk of the employer. *Donelan Phelps & Co., Inc. v. United States*, 876 F.2d 1373, 1376 (8th Cir. 1989). The "responsible person" need only have significant control over disbursement of the employer's funds, not necessarily sole or final authority. *Id.* It is clear that more than one person can be a "responsible person." *Kenagy*, 942 F.2d at 464. Moreover, Section 6672 "applies to all responsible persons, not just to the most responsible person." *Gustin v. United States*, 876 F.2d 485, 491 (5th Cir.1989).

■ The evidence is clear that Hale King is a responsible person under Section 6672. He admitted: (1) that he was the president and sole shareholder of King Leasing, (2) that he managed the day-to-day operations of the business, (3) that he had the authority to sign, and did sign, drafts drawn on the corporation's bank accounts, (4) that he reviewed and assisted in the preparation of financial statements, and (5) that he signed the Employers' Quarterly Federal Tax Returns for the time period in which the withholding

taxes were not paid. Given these facts the Court finds that Hale King exercised significant control over the disbursement of the corporation's funds, and as a result is a "responsible person" as required by Section 6672.

■ On the other hand, the Court does not find as a matter of law that Stuart King is a "responsible person" as he did not have significant control over the disbursement of the corporation's assets. Of the seven facts listed by the Fifth Circuit in *Barnett* as indications showing a responsible person, Stuart King meets only two: the authority to sign checks, and at least some decision-making control over the payment of creditors. Although Stuart King may have made the calculation as to the amount of withholding taxes which were owed, the United States has not shown that he had any authority to make payment to it absent some direct authority from Hale King. These facts are simply insufficient to warrant summary judgment for the United States on this issue.

■ The second element necessary to find that a person is a responsible person under Section 6672 is that he or she must have also acted willfully in not paying over the taxes.

A responsible person acts willfully within the meaning of § 6672 whenever he "acts or fails to act consciously and voluntarily and with knowledge or intent that as a result of his action or inaction trust funds belonging to the government will not be paid over but will be used for other purposes," ... [or] by proceeding with a "reckless disregard of a known or obvious risk that trust funds may not be remitted to the government."

*Honey v. United States*, 963 F.2d 1083, 1087 (8th Cir.1992) (quoting *Olsen*, 952 F.2d at 240), *cert. denied*, 506 U.S. 1028, 113 S.Ct. 676, 121 L.Ed.2d 598 (1992). "Although willfulness is usually a question of fact, '[e]vidence that the responsible person had knowledge of payments to other creditors, including employees, after he was aware of the failure to pay over withholding taxes is proof of willfulness as a matter of law.'" *Id.*

■ In the instant case, Hale King admitted that he was aware of the delinquent federal employment taxes as they became due, but instead paid other creditors. However, Stuart King states in his response that while he calculated the withholding taxes he did not know that they were not being paid. The only evidence the United States has to refute that statement is Stuart King's deemed admissions for not timely filing responses to requests for admissions. The Court will not consider those deemed admissions because, as stated above, it has previously granted Stuart King leave to file out of time his responses to that discovery request. Consequently, the Court finds that even if Stuart King could be found to be a responsible person under Section 6672, his actions were not willful as a matter of law.

Accordingly, it is hereby

ORDERED the United States' motion for summary judgment is granted with respect to additional counterclaim defendant R. Hale King; and it is further

ORDERED the United States' motion for summary judgment is denied with respect to Plaintiff Stuart King.