IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

_____

ELIZABETH O. SOUTH,

    Plaintiff,

v.

ELWIN N. SOUTH, SR.,

    Defendant.

DONNA HARKNESS, Memphis Legal Services, Inc., Memphis, Attorney for Plaintiff.

ELWIN N. SOUTH, SR., PRO SE

Shelby Circuit No. 151898 R.D.
C.A. No. 02A01-9703-CV-00054

Hon. D'Army Bailey, Judge

FILED

**July 30, 1997**

Cecil Crowson, Jr.
Appellate Court Clerk

*AFFIRMED*

Opinion filed:

_____

MEMORANDUM OPINION[1]

_____

TOMLIN, Sr. J.

    This a divorce case, in which Elwin N. South, Sr. (hereafter "Husband"), Pro Se,

appeals from a judgment of the Circuit Court of Shelby County that granted a divorce

and other relief to Elizabeth O. South (hereafter "Wife"), the plaintiff herein. He raises

three issues in this appeal: Whether the trial court erred in (1) In the division of marital

property; (2) In denying Husband's Motion to Set Aside the Judgment or in the

Alternative for a New Trial; and (3) Denying Husband's Motion for the Appointment of

Counsel for the purposes of the trial below. For the reasons hereinafter stated, we

affirm.

    This court has been furnished with no transcript or statement of the evidence as

to any of the proceedings below. Accordingly, we have only the technical record

before us. For the sake of clarity we will recite the procedural history of this case.

    Wife filed suit for divorce against Husband on the grounds of irreconcilable

---

[1]Rule 10(b) (Court of Appeals). MEMORANDUM OPINION. The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not cited or relied on for any reason in a subsequent relate case.

differences. She alleged that the parties were married and lived together until Husband was convicted of a felony and incarcerated in 1993. At the time of trial Husband was residing in the Lake County Regional Prison.

Husband filed a cross-complaint in which he asked the trial court to award a divorce to both parties and to equitably divide the marital property. Husband also moved the court below to appoint counsel from the local bar to represent him in the divorce proceedings as he was then incarcerated. This motion was denied. Following a bench trial, the trial court entered an order granting Wife a divorce. In addition, the trial court awarded her a 50% interest in Husband's pension, inasmuch as it found that her interest had accrued during the course of the parties' marriage. The court also found that the marital residence of the parties had been in the beginning titled in the name of Wife, and was owned by her prior to the parties' marriage. The court found that this was her sole and separate property and awarded the residence to her. Husband thereafter filed a Motion to Set Aside the Judgment or in the Alternative for a New Trial, which motion was denied by the trial court.

As to the first issue concerning the division of the parties' marital property, in the absence of a transcript we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings. Word v. Word, 937 S.W.2d 931, 932 (Tenn. App. 1996). We therefore must resolve this issue in favor of Wife.

As for the second issue raised by Husband, the technical record indicates that Husband sought relief under both T.R.C.P. 59 and 60.02. A trial judges' decision to grant or deny a motion for a new trial pursuant to T.R.C.P. 59.02 (in a non-jury case it is a motion to alter or amend the judgment) is discretionary. Esstman v. Boyd, 605 S.W.2d 237 (Tenn. App. 1979). As for any relief pursuant to T.R.C.P. 60.02, again the matter rests in the sound discretion of the trial judge. In both instances, the burden is upon the movant to show the abuse of discretion, and insofar as a 60.02 motion is concerned, one must show that by clear and convincing evidence that relief from the judgment is warranted. See Davidson v. Davidson, 916 S.W.2d 918, 923 (Tenn. App. 1995).

Lastly, we find no merit to Husband's contention that the trial court erred in not appointing counsel to represent him in the divorce proceedings below. It is well established law in this state, that an indigent convict has no constitutional right to the appointment of counsel in a civil case. <u>Lyon v. Lyon</u>, 765 S.W.2d 759, 763 (Tenn. App. 1988). Accordingly, the judgment of the trial court is affirmed. Costs in this cause on appeal are taxed to Husband, for which execution may issue if necessary.

_____
TOMLIN, Sr. J.


_____
FARMER, J.                        (CONCURS)


_____
LILLARD, J.                       (CONCURS)