August 22, 1997

Fifth Division

1-96-1253

NORMAN AARDEMA, ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Cook County.

)

v. ) 

) 

JAMES A. FITCH, LYNNE CUNNINGHAM, ) 

MUMTAZ CHAMPSI, and NINA KLARICH, ) Honorable

) Victoria A. Stewart,

Defendants-Appellees. ) Judge Presiding.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff, Norman Aardema, appeals the circuit court's order dismissing with prejudice his amended complaint, which alleged counts of unjust enrichment and common law contribution based upon an Internal Revenue Service (IRS) assessment against him under 26 U.S.C. § 6672 (section 6672) for failing to remit withheld employee taxes.  Plaintiff contends the determination of "responsible person" under section 6672 can be decided by a circuit court and, therefore, his amended complaint should not have been dismissed.  For the reasons which follow, we reverse and remand.

Plaintiff and defendants, James A. Fitch, Lynne Cunningham, Mumtaz Champsi, and Nina Klarich, were directors and shareholders of Chicago Recycling Works, Inc. (CRW).  As an employer, CRW was required to regularly withhold federal taxes from their employees' wages, account for those withholdings, which constitute a trust fund in favor of the government, and pay them over to the government.  26 U.S.C. §§ 3101-02, 7501.  If an employer fails to pay the employees' withholdings over to the government, the government does not have a right of recourse against the employee.  To prevent revenue losses in the event an employer fails to pay withheld taxes, section 6672 provides that when "[a]ny person required to collect, truthfully account for, and pay over any tax" willfully fails to do so, the person is liable for a penalty equal to the total amount of the tax not paid over.  26 U.S.C. § 6672(a).  Section 6672, therefore, imposes a "100% penalty."  
Hartman v. United States
, 538 F.2d 1336, 1340 (8th Cir. 1976) (
Hartman
).  Upon default by a corporate employer, a corporate officer or employee may be liable personally for the penalty established by section 6672 if during the period involved, the officer or employee was a responsible person under 26 U.S.C. § 6671(b), and the person acted "willfully" regarding the employer's tax liability.  
Hartman
, 538 F.2d at 1340; 26 U.S.C. §§ 6671-72.  Pursuant to section 6672, the IRS determined that plaintiff was responsible for CRW's failure to pay withheld employees' taxes and thereafter levied several of plaintiff's bank accounts, collecting the full amount of taxes, interest and penalties assessed against CRW——$34,849.27.

Plaintiff did not contest the IRS's determination that he was a responsible person under section 6672, but 
thereafter filed a complaint containing counts of unjust enrichment and implied indemnity against defendants.  Defendants then moved to dismiss plaintiff's complaint for failure to state a cause of action (735 ILCS 5/2—615 (West 1994) (section 2-615)) and plaintiff was granted leave to file an amended complaint.  Plaintiff's amended complaint, which contained counts of unjust enrichment and common law contribution, alleged that defendant Fitch, as CRW's Chairman of the Board, conducted board meetings and votes on CRW's tax liability, including the board's decision not to honor payroll tax obligations to the IRS.  Plaintiff's amended complaint averred that each board member "is personally liable as a responsible person for payment to the [IRS] of CRW's payroll taxes, interest and penalties."  In count I, plaintiff claimed that each defendant "is individually liable" for the imposed "taxes, interest and penalties" and, therefore, each defendant was unjustly enriched.  Count II sought common law contribution, alleging that since plaintiff "paid more than his pro rata share of Defendants' common IRS obligation," he was "entitled to contribution from Defendants of their proportionate share of the common IRS obligation."

Defendants moved to dismiss plaintiff's amended complaint pursuant to section 2-615 for failure to state a cause of action.  735 ILCS 5/2—615 (West 1994).  At argument on defendants' motion, defense counsel maintained that section 6672 permits the IRS to penalize a party for failure to pay taxes and the IRS alone determines who is a "responsible party" under section 6672.  Plaintiff's counsel asserted that by virtue of the board's collective decision not to pay CRW's payroll taxes, defendants, as board members, are considered responsible parties under section 6672 and have a common liability.  The circuit court granted defendants' motion to dismiss plaintiff's amended complaint with prejudice.  Plaintiff appeals.

I

Plaintiff initially contends the "penalty" assessed under section 6672 represents an actual tax debt rather than a punitive measure.  Defendants assert the IRS did not determine that they were "responsible persons" for the unpaid taxes and the IRS can still attempt to collect penalties from them, "separate and apart from those amounts paid by" plaintiff.

No action will be dismissed on a motion pursuant to section 2-615 for failure to state a cause of action unless it clearly appears that no set of facts can be proved under the pleadings which will entitle plaintiff to relief.  
People ex rel. Daley v. Datacom Systems Corp.
, 146 Ill. 2d 1, 11, 585 N.E.2d 51 (1991).  When deciding a motion to dismiss, all well pleaded facts in the complaint will be regarded as true and all reasonable inferences from them will be considered correct.  
Krasinski v. United Parcel Service, Inc.
, 124 Ill. 2d 483, 485-86, 530 N.E.2d 468 (1988).  The dismissal of a complaint with prejudice under section 2-615 involves a question of law as to whether the complaint sets forth facts which, if true, would entitle plaintiff to relief.  
Fulton-Carroll Center, Inc. v. Industrial Council
, 256 Ill. App. 3d 821, 824, 628 N.E.2d 1121 (1993).

A

Section 6672(a) provides:

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over."  26 U.S.C. § 6672(a).

Persons who are "required to collect, truthfully account for, and pay over any tax" are referred to as "responsible persons."  See 
Slodov v. United States
, 436 U.S. 238, 56 L. Ed. 2d 251, 98 S. Ct. 1778 (1978).  Although section 6672 provides a "penalty," section 6672 is substantively a tax.  
Kelly v. Lethert
, 362 F.2d 629, 633 (8th Cir. 1966); 
Hartman
, 538 F.2d at 1340; 
United States v. Industrial Crane & Manufacturing Corp.
, 492 F.2d 772, 774 (5th Cir. 1974); 
King v. United States
, 914 F. Supp. 335, 338 (W.D. Mo. 1995); 
Hill, Christopher & Phillips, P.C. v. United States Postal Service
, 535 F. Supp. 804, 810 (D.D.C. 1982) (
Hill
); 
Wollman v. United States
, 571 F. Supp. 824, 826 (S.D. Fla. 1983); 
Schoot v. United States
, 664 F. Supp. 293, 297 (N.D. Ill. 1987) (
Schoot
).  Section 6672 is "merely a means whereby the government can collect from a corporate officer or employee the taxes that the corporate employer withheld and should have accounted for and paid over."  
Hartman
, 538 F.2d at 1340.

Plaintiff argues that "the debt arising under" section 6672 "is imposed jointly and severally on all persons responsible for the payment of employment taxes."  A section 6672 assessment, however, "imposes a direct and personal, as opposed to a vicarious liability on the person who is assessed" and although "two or more persons may be jointly and severally liable under [section] 6672, the government is not entitled to more than one satisfaction of the tax liability owed to it."  
Hartman
, 528 F.2d at 1340.  Nothing in section 6672 precludes other parties from being responsible persons and the cases which imply that a taxpayer is not a "responsible person" until he or she has been assessed by the IRS arise in idemnification contexts where plaintiffs attempt to shift 
all
 liability to defendants.  See 
Alten
 v. Ellin & Tucker, Chartered
, 854 F. Supp. 283 (D. Del. 1994) (
Alten
); 
Continental Illinois National Bank & Trust Co. v. United States
, No. 86 C 5335, slip op. at 2 (N.D. Ill. June 5, 1987).

B

Plaintiff insists that the determination of whether defendants are responsible persons is a question of fact which can be made by a circuit court and the "case law surrounding [section] 6672 is rife with instances in which trial courts made the determination of responsibility," relying upon 
King v. United States
, 914 F. Supp. 335 (W.D. Mo. 1995).  
King
 does not support plaintiff's argument because the taxpayers there were assessed a section 6672 penalty by the IRS.  914 F. Supp. at 338.  Following the assessment, the taxpayer sought a refund in the district court, which then determined whether plaintiff was entitled to a refund based upon whether or not he was a "responsible person."  914 F. Supp. at 338.  
King
, then, is a typical appeal of the IRS's determination that a taxpayer is a "responsible person."  See also 
Hartman
, 
538 F.2d at 1339
; 
Hill
, 535 F. Supp. at 810; 
Maggy v. United States
, 560 F.2d 1372, 1374 (9th Cir. 1977); 
Wollman v. United States
, 571 F. Supp. 824, 826 (S.D. Fla. 1983); 
Bowlen v. United States
, 956 F.2d 723 (7th Cir. 1992).

Plaintiff also relies upon 
Esstman v. Boyd
, 
605 S.W.2d 237 (Tenn. Ct. App. 1979).  In 
Esstman
, plaintiff and defendant organized a corporation and were the stockholders and directors.  605 S.W.2d at 239.  Plaintiff and defendant signed a contract of guaranty to a bank "to guarantee an indebtedness to the Bank of the foregoing corporation."  605 S.W.2d at 239.  The corporation subsequently became insolvent and failed to pay the note.  605 S.W.2d at 239.  Plaintiff paid the note and sued defendant as co-guarantor on the note.  The IRS issued a deficiency notice, including a section 6672 penalty, against the officers and directors of the corporation.  605 S.W.2d at 239.  Plaintiff paid the penalty and then sought contribution from defendant and his wife for their share of the section 6672 penalty.  605 S.W.2d at 239.  Plaintiff's second amended complaint alleged that "the deficiency *** was assessed against the officers and directors of" the corporation and pursuant to section 6672, "all the officers [and] directors of the corporation are personally responsible to pay over the withholding tax to the United States Government."  605 S.W.2d at 239.  The 
Esstman
 court upheld the lower court's determination that plaintiff could seek contribution from defendant, reasoning that an injustice would result if defendant were to avoid his responsibility for the taxes withheld.  The court in 
Esstman
 also noted that although the IRS "did not make an assessment of these unpaid taxes against the plaintiff and the defendant Boyd as officers of the corporation in charge of its finances, nevertheless, it is clear that the [IRS] could have, and undoubtedly would have made such an assessment had not the plaintiff paid these taxes which had been assessed against the corporation."  605 S.W.2d at 242.

Esstman
 is distinguishable from the present case on two grounds.  First, in 
Esstman
, the IRS issued a deficiency notice against the officers and directors of the corporation.  605 S.W.2d at 239.  Here, plaintiff's amended complaint does not allege that a deficiency notice was issued against defendants.  Second, plaintiff in 
Esstman
, although never personally assessed with a section 6672 penalty, nevertheless 
voluntarily
 paid the section 6672 assessment against the corporation.  In the case 
sub
 
judice
, plaintiff did not voluntarily pay the section 6672 penalty; rather, the IRS assessed a penalty against him alone and collected the penalty by levying his bank accounts.  
Esstman
, therefore, is inapplicable to the present case.

Although section 6672 may distinguish between parties who voluntarily pay an insolvent corporation's withheld taxes and parties who are assessed a penalty by the IRS (see generally, 
Esstman
, 605 S.W.2d at 242; 
Continental Illinois National Bank & Trust Co. v. United States
, No. 86 C 5335, slip op. at 1 (N.D. Ill. June 5, 1987)), the salient point emerging from 
Esstman
 is that the court and not the IRS made the determination that defendant was a "responsible person."  The IRS has the sole ability to assess a section 6672 penalty (see Internal Revenue Manual, P-5-60, MT 1218-216); this does not, however, preclude other parties from being responsible persons (see H.R. Rep. No. 104-506 (1996), 
reprinted in
 1996 U.S.C.C.A.N. 1143, 1163), nor does it prevent the application of state law remedies.  See generally 
Alten
, 854 F. Supp. at 288.

C

Plaintiff next argues that defendants cannot be assessed by the IRS, notwithstanding they were responsible persons, because plaintiff's payment of CRW's tax debt extinguishes any potential defendants' liability to the IRS.  Defendants countervailingly claim that the IRS independently still may pursue section 6672 penalties against them and plaintiff's payment of the tax debt has not provided them a benefit or relieved them of a common obligation.

When a taxpayer is assessed a "penalty" under section 6672, the taxpayer may appeal the assessment to the Appeals Office.  
Alten
, 854 F. Supp. at 291
, citing 26 C.F.R. §§ 601.103(c)(1), 601.106 (1993).  "After the Appeals Office, a taxpayer assessed under [section] 6672(a) has only one method of further appeal: he must pay all or part of the assessment, file a claim for refund with the district director [and,] if such a claim is rejected or no action is taken with respect to the claim within 6 months from the date of filing, bring a civil action in the United States District Court or United States Claims Court."  [Footnote.]  
Alten
, 854 F. Supp. at 291, citing 26 U.S.C. § 7422; 28 U.S.C. § 1346(a)(1); 26 C.F.R. § 601.103(c)(3); 22 A.L.R.3d 8, 188 (1968).  A person found responsible for the payment of withheld corporate taxes must file for a refund, and thereby challenge his or her tax liability, within two years from the date the taxes are paid.  
USLife Title Insurance Co. ex rel. Mathews v. Harbison
, 784 F.2d 1238, 1243 (5th Cir. 1986) (
USLife
).  Plaintiff contends he has no basis for challenging the assessment because he has admitted in his amended complaint that he was personally liable as a director of CRW.

Section 6672 does not prevent the government from collecting and retaining from each responsible person a full satisfaction; however, the government is entitled only to one full satisfaction of delinquent withholding taxes.  See 
USLife
, 784 F.2d at 1243; 
Hill
, 535 F. Supp. at 810.  When the government collects more than one penalty, however, it must abate each responsible person's penalty upon satisfaction of the original corporate payroll tax liability.  
Hill
, 535 F. Supp. at 810.  The IRS revenue manual provides that "withheld *** taxes will be collected only once, whether from the business, from one or more of its responsible persons, or from the business and one or more of its responsible persons.  Collection of the withheld *** taxes is achieved when the [IRS's] right to retain the amount collected is established."  Internal Revenue Manual, P-5-60, MT 1218-216.

According to plaintiff's amended complaint, the IRS levied against his bank accounts and collected the tax debt on March 30, 1995.  Plaintiff had two years from the date of payment to file for a refund and challenge his liability (see 
USLife
, 784 F.2d at 1243) and, therefore, the IRS's right to retain the section 6672 assessment terminated after March 30, 1997, assuming plaintiff followed his intention not to file for a refund.  CRW's tax debt is satisfied and the IRS cannot assess section 6672 penalties against defendants.  As aforementioned, section 6672 is not a penalty provision, but a collection device whereby the government protects against revenue losses.  Consequently, only the IRS can assess a section 6672 penalty; this does not, however, preclude state law remedies.

II

Plaintiff contends, based upon the foregoing, that he has stated a cause of action for unjust enrichment.

To state a claim for unjust enrichment, plaintiff must allege "that defendant voluntarily accepted a benefit which would be inequitable for him to retain without payment."  
People ex rel. Hartigan v. E & E Hauling, Inc.
, 153 Ill. 2d 473, 497, 607 N.E.2d 165 
(1992), citing 
Premier Electrical Construction Co. v. La Salle National Bank
, 132 Ill. App. 3d 485, 496, 477 N.E.2d 1249 (1984).

Plaintiff argues that he conferred a benefit upon defendants by paying their portion of payroll taxes jointly owed by them to the IRS.  Defendants, however, were never assessed a section 6672 penalty by the IRS and there is no allegation that defendants voluntarily accepted the benefit.  Plaintiff has failed to state a cause of action for unjust enrichment.

III

Plaintiff next contends he has stated a cause of action for contribution.

There is no federal right of contribution under section 6672.
(footnote: 1)  
Schoot
, 664 F. Supp. at 297.  A person found liable under section 6672, however, has a right to bring an action for contribution if the right is asserted under state law.  See 
Alten
, 854 F. Supp. at 288, citing 
Schoot
, 664 F. Supp. at 298; 
Swift v. Levesque
, 614 F. Supp. 172, 177 (D. Conn. 1985).  "Contribution, however, is not in itself a theory of recovery but merely a term which describes the result desired.  The right to bring such an action is actually based upon a more specific equitable or legal theory."  
Shapiro v. Chernoff
, 3 Ill. App. 3d 396, 401, 279 N.E.2d 454 (1972).

The court in 
Ruggio v. Ditkowsky
, 147 Ill. App. 3d 638, 642, 498 N.E.2d 747 (1986), set forth the right of contribution as follows:

"In an action for common law contribution, the right to contribution arises due to the compulsory payment by a joint obligor of more than his share of a common obligation.  [Citations.]  Before one is entitled to contribution from his coobligor, the evidence must disclose that he has paid more than his just proportion of the joint indebtedness and it must also disclose what that excess is.  [Citation.]"

Plaintiff claims that defendants' obligation is based upon the corporate structure, which is a state-sanctioned contractual relationship pursuant to the Business Corporation Act of 1983 (Act).  805 ILCS 5/1.01 
et
 
seq
. (West 1994).  Although section 6672 does not impose a common obligation upon defendants and plaintiff, the Act conclusively presumes that a corporate director who is present at a meeting of the corporate's board of directors "at which action on any corporate matter is taken" assents to the corporate action unless the director dissents.  805 ILCS 5/8.65(b) (West 1994) (section 8.65).  Further, "[a]ny director against whom a claim is asserted under [section 8.65] and who is held liable thereon, is entitled to contribution from the other directors who are likewise liable thereon."  805 ILCS 5/8.65(d) (West 1994).  Plaintiff's amended complaint alleges that defendants were CRW's directors and shareholders who voted on corporate matters, including the decision "not to pay [its] payroll tax obligations due to the [IRS]."  These votes and decisions were documented in CRW's corporate records.  When deciding a motion to dismiss, all well pleaded facts in the complaint will be regarded as true and all reasonable inferences from them will be considered correct.  
Krasinski v. United Parcel Service, Inc.
, 124 Ill. 2d 483, 485-86, 530 N.E.2d 468 (1988).  Plaintiff's amended complaint reveals that CRW's board decided not to pay withheld employee taxes.  By failing to pay these taxes, CRW's board of directors attempted to evade a corporate obligation.  See also 805 ILCS 5/12.75(d) (West 1994).  This obligation was subsequently placed upon plaintiff by "the mere fortuity of IRS collection practices [which] should not shift the ultimate burden of payment to only one of the parties."  
Swift v. Levesque
, 614 F. Supp. 172, 177 (D. Conn. 1985).  Plaintiff has a right to contribution where he had to pay "more than his share of a common obligation."  See 
Ruggio
, 147 Ill. App. 3d at 642, citing 
Harris v. Buder
, 326 Ill. App. 471, 475-76, 62 N.E.2d 131 (1945); 
Gottschalk v. Gottschalk
, 222 Ill. App. 56, 59 (1921).

Defendants contend it is inequitable to permit plaintiff to pursue a contribution claim because he was guilty of "willful misconduct," relying upon 
Wynne v. Fischer
, 809 S.W.2d 264 (Tex. Ct. App. 1991).  In 
Wynne
, plaintiff did not have a right to contribution because the court there concluded that section 6672 set forth a "penalty."  809 S.W.2d at 267.  It is clear, however, that section 6672 is merely a collection device for the government and is not meant to punish.  
Schoot
, 664 F. Supp. at 297.  Moreover, as noted by the 
Swift
 court, "[t]he government must establish willfulness as a means to impose personal liability but willfulness does not require a showing of 'bad purpose.'"  614 F. Supp. at 177, citing 
Sherman v. United States
, 490 F. Supp. 747, 754 (E.D. Mich 1980); see also 
Plato v. State Bank
, 1996 S.D. 133, 555 N.W.2d 365 (S.D. 1996).  Further, precluding plaintiff from pursuing a contribution cause of action against defendants would lead to the inequitable result that defendants, although responsible for CRW's failure to remit withheld taxes, are immune from liability because the IRS, through unexplained random practices, chose to proceed against and, thereafter, successfully collected from, plaintiff.  See 
Swift
, 614 F. Supp. at 177, quoting 
Feist v. United States
, 607 F.2d 954, 963 (Ct. Cl. 1979).  Defendants acknowledge that they could have been assessed a section 6672 penalty by the IRS; thus, it is mere happenstance that they now sit as defendants instead of plaintiffs.  Plaintiff has sufficiently stated a cause of action for contribution against defendants and the circuit court erred in dismissing that part of plaintiff's complaint.

For the foregoing reasons, the circuit court's order dismissing plaintiff's unjust enrichment count is affirmed and the order dismissing plaintiff's contribution count is reversed.  The cause is remanded to the circuit court for reinstatement of plaintiff's contribution cause of action.

Affirmed in part and reversed in part; cause remanded with directions.

HOURIHANE and SOUTH, JJ., concur.

FOOTNOTES
1:
26 U.S.C. § 6672 was recently amended to include a federal right of contribution.  The amendment, effective to penalties assessed after July 30, 1996, provides:

"If more than 1 person is liable for the penalty under subsection (a) with respect to any tax, each person who paid such penalty shall be entitled to recover from other persons who are liable for such penalty an amount equal to the excess of the amount paid by such person over such person's proportionate share of the penalty."  Act of July 30, 1996, Pub. L. No. 104-168, § 903, 1996 U.S.C.C.A.N. (110 Stat. 1453) (to be codified at 26 U.S.C. § 6672).

This amendment does not apply to the case 
sub
 
judice
.