ROBERT LEE ANDERSON,     )

         )

     Plaintiff/Appellee,    )     Appeal No.

         )     01-A-01-9802-CH-00082

v.         )

         )     Montgomery Chancery

REBECCA ANN ANDERSON,    )     No. 92-71-106

         )

     Defendant/Appellant.    )

         )

FILED

February 19, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

## COURT OF APPEALS OF TENNESSEE

### APPEAL FROM THE CHANCERY COURT FOR
### MONTGOMERY COUNTY
### AT CLARKSVILLE, TENNESSEE

### THE HONORABLE CAROL A. CATALANO, CHANCELLOR

ROBERT LEE ANDERSON, Pro Se
417 Windmill Drive
Copperas Cove, Texas 76522


CARRIE KERSH
Kennedy Law Firm
127 South Third Street
Clarksville, Tennessee 37040
    ATTORNEY FOR DEFENDANT/APPELLANT

## REVERSED AND REMANDED

WILLIAM B. CAIN, JUDGE

# OPINION

This is an appeal from the action of the trial court in refusing to set aside a change of custody order.

Robert Lee Anderson and Rebecca Ann Anderson were divorced on July 17, 1993 with joint custody being awarded of three minor children and appellant, Rebecca Ann Anderson, being designated as primary physical custodian.

An agreed order was entered in April of 1996 changing custody of Robert Lee Anderson, Jr. from his mother to his father effective for the period June 15, 1996 to June 15, 1997.

On June 18, 1997, Robert Lee Anderson filed the petition at issue in this case seeking permanent custody of Robert Lee Anderson, Jr.

On July 9, 1997, Rebecca Ann Anderson, acting pro se, filed an answer and counter-complaint seeking arrearages in child support.

The record contains a notice dated September 12, 1997 from Gregory D. Smith, attorney for Robert Lee Anderson, to Rebecca Ann Anderson, pro se that the case would be tried on the merits on November 7, 1997 beginning at 9:00 a.m. Apparently no action was taken on November 7, 1997 and the record reflects no further notice to Rebecca Ann Anderson.

A hearing on the petition was held November 24, 1997 with Gregory D. Smith appearing for Robert Lee Anderson and Rebecca Ann Anderson appearing neither pro se nor by counsel. At this hearing, the change of custody petition was sustained and permanent custody transferred from Rebecca Ann Anderson to Robert Lee Anderson.

On the following day, November 25, 1997, Rebecca Ann Anderson, acting through attorney Carrie W. Kersh, filed a "motion to set aside default

judgment" alleging that Rebecca Ann Anderson had no notice of any hearing to be held on November 24, 1997 and her first knowledge of the hearing was when Robert Lee Anderson, at 8:00 in the evening of November 24, 1997, presented her with a copy of the order and told her to "read it and weep."

A hearing on the motion to set aside the judgment was set for December 16, 1997 at which time all parties appeared.

This hearing resulted in a final order of January 5, 1998 resulting in findings by the trial court, in pertinent part, as follows:

B) Plaintiff testified that while Defendant was within earshot of the telephone, Plaintiff told his oldest daughter about the November 24, 1997 hearing on November 23, 1997 and said daughter relayed the information to Defendant. While at first denying any knowledge of Plaintiff being in Tennessee until after the November 24, 1997 hearing, Defendant admitted being told that Plaintiff was in Tennessee on November 23, 1997. It is noteworthy that although the oldest child of these parties resides with Defendant, said child did not appear in Court to give supporting testimony for Defendant's version of fact. Further, several weeks after prior to the November 24, 1997 hearing date in an effort to schedule visitation on November 23, 1997, Defendant acknowledged that she knew Plaintiff was coming into Tennessee from Plaintiff's home in Texas on November 23, 1997. Plaintiff testified that the only times he came to Tennessee was to pick up his son for long-term visits such as summer visitation and to come to court on custody or divorce matters involving Defendant. Plaintiff testified that he specifically and personally told Defendant about the November 24, 1997 court date about three weeks prior to court on November 24, 1997.

* * *

D) The Court finds that Defendant was not completely forthright on several points in this hearing and thus the Court must question Defendant's credibility. On the other hand, the Court fully credits Plaintiff's version of fact regarding actual or constructive notice that

Defendant had regarding the November 24, 1997 notice. Further, at the November 24, 1997 hearing, counsel for Plaintiff checked with his secretary who specifically remembered sending notice of the November 24, 1997 hearing to Defendant's address. Defendant confirmed that the address that Plaintiff had on Defendant was correct.

Timely notice of appeal was filed and counsel for each party filed a proposed Rule 24(c) Statement of the Evidence with the proposed Rule 24(c) statement of Robert Lee Anderson being filed March 13, 1998, contemporaneously with a motion of Gregory D. Smith to withdraw as counsel. This motion to withdraw as counsel was granted by the trial court by order entered March 16, 1998.

Counsel for the appellant filed timely brief in this court and upon failure of Robert Lee Anderson to brief the case, an order was entered in this court July 13, 1998 that decision be made on the record and on the appellant's brief, pursuant to Tennessee Rules of Appellate Procedure 29(c).

Upon consideration of the record, it was noted that the trial judge had signed neither of the proposed Rule 24(c) statements and the case was remanded on July 29, 1998 to the trial court with instructions for compliance with Rule 24(c) and (f) of the Rules of Appellate Procedure.

By order entered in the trial court on November 23, 1998, the trial court adopted the Tennessee Rule of Appellate Procedure 24(c) statement filed by the defendant/appellant, Rebecca Ann Anderson, and the case is now before this court for disposition.

The Rule 24(c) statement of the defendant/appellant, having been adopted by the trial court as the evidence in the case, the following represents the evidence before the trial court relative to the notice issue.

4. Rebecca Ann Anderson could not, at that time, afford an attorney to represent her, as Robert Lee Anderson

was seriously in arrears on child support and therefore she was supporting the parties' three minor children alone. Therefore, she filed a pleading on her own behalf which she entitled "Counter Complaint" on the 9th day of July, 1997.

5. November 24, 1997, the Chancery Court for Montgomery County, Tennessee, held a hearing on the Petition for Change of Custody filed by Robert Lee Anderson. No Notice of Hearing was ever sent to Rebecca Ann Anderson advising her of that court Date, as required by Rule 5 of the Tennessee Rules of Civil Procedure, and Local Rule 13.01. At that hearing, the Chancery Court ordered that Robert Lee Anderson, Jr. be placed in the physical custody of his father, Robert Lee Anderson, with the parties still having joint custody.

6. Rebecca Ann Anderson immediately consulted an attorney, Carrie W. Kersh, and retained her to seek to have the above referenced Order set aside. Ms. Anderson used money she had received by going through the Montgomery County District Attorney's Office to secure payment of past due child support from Robert Lee Anderson. Said Motion was filed on November 25, 1997, and was incorrectly styled "Motion to Set Aside Default Judgment", wherein the Court was advised that Rebecca Ann Anderson had never been notified of the hearing on November 24, 1997.

A hearing was held on the Motion to Set Aside on December 16, 1997, at 1:30 P.M.. Rebecca Ann Anderson's Motion was denied, even though there was no Notice of Hearing in the Court file and counsel for Robert Lee Anderson could not produce one. The Court accepted Plaintiff counsel's argument that Ms. Anderson should have known that the parties had Court, because that was the only time Robert Lee Anderson ever came to Clarksville.

We have an anomaly. The granting or denial of the motion to set aside the November 24, 1997 order rested within the sound discretion of the trial judge and is not to be disturbed on appeal absent an abuse of discretion. *Esstman v. Boyd*, 605 S.W.2d 237 (Tenn.App.1979).

The evidence before the trial court may be preserved either by a transcript of the proceedings or by a statement of the evidence prepared in accordance with Tennessee Rules of Appellate Procedure Rule 24(c). If no record of the evidence is preserved for appellate review by either method, we

must conclusively presume that the evidence supported the action of the trial judge. *Sherrod v. Wix*, 849 S.W.2d 780 (Tenn.App.1992).

In this case, the evidence before the trial court is preserved by Rule 24(c) statement. The findings of the trial judge on the question of notice as reflected in the December 16, 1997 order, if supported by the evidence in the record, would compel affirmance by this court on the basis that no abuse of discretion occurred. The evidence in the Rule 24(c) statement, however, does not support the findings of the trial judge as to notice set forth in the December 16, 1997 order. The evidence conclusively establishes that no notice as required by Tennessee Rule of Civil Procedure 5 or Local Rule 13.01 was ever sent to Ms. Anderson. The only other evidence in the record is the provision in the Rule 24(c) statement that "the court accepted plaintiff counsel's argument that Ms. Anderson should have known that the parties had court, because that was the only time Robert Lee Anderson ever came to Clarksville."

Given the state of the evidentiary record before this court, the action of the trial court in denying the motion to set aside the November 24, 1997 order was an abuse of discretion. *Tennessee Dep't of Human Services v. Barbee*, 689 S.W.2d 863 (Tenn.1985); *Campbell v. Archer*, 555 S.W.2d 110 (Tenn.1977).

The judgment of the trial court is reversed. The order of November 24, 1997 is vacated and the case is remanded to the trial court for trial of the issues under the petition for change of custody filed June 18, 1997 and the answer and counter-complaint filed July 9, 1997 and such other proceedings as the trial court may deem appropriate.

Costs of this cause are assessed against Robert Lee Anderson.

_____
WILLIAM B. CAIN, JUDGE

CONCUR:

_____
BEN H. CANTRELL, P.J., M.S.

_____
WILLIAM C. KOCH, JR., JUDGE