# IN THE COURT OF APPEALS OF TENNESSEE

## AT KNOXVILLE

FILED

July 28, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

WILLEM EDUARD BOK, ) C/A NO. 03A01-9812-BC-00426
)
    Claimant-Appellant, ) CLAIMS COMMISSION
) EASTERN DIVISION
v. )
) HON. MICHAEL S. LACY,
STATE OF TENNESSEE, ) COMMISSIONER
)
    Respondent-Appellee. ) REVERSED AND REMANDED

RONALD J. BERKE, BERKE, BERKE & BERKE, Chattanooga, for Claimant-Appellant.

PAUL G. SUMMERS, Attorney General and Reporter and
MARY E. WALKER, Assistant Attorney General, Nashville, for Respondent-Appellee.

## O P I N I O N

Franks, J.

The claimant appealed from the Claims Commissioner's Order of Dismissal of his claim.

The chronological history of this case is material, and is as follows:

Complaint filed June 8, 1995.

Motion to Dismiss filed December 8, 1995 on the basis that the Commission lacked subject matter jurisdiction.

Motion to Set was filed on June 2, 1997 by claimant.

Response to Motion to Set was filed on June 5, 1997.

The Commissioner entered an Order of Dismissal on June 19, 1997, which provided in pertinent part:

Pursuant to Tennessee Claims Commission Rule #0310-1-1-01(5)(c),

failure to make a timely response to a motion essentially constitutes a waiver of any objection to the motion. Responses to motions shall be made no later than fifteen (15) days after service of the motion, . . . and the State's Motion [to dismiss] was filed December 8, 1995. More than a year and a half has passed during which a response has not been made.

Therefore, it is appropriate to grant the State's Motion.

On July 16, 1997, the claimant filed a Motion for a New Trial and to Reconsider on the grounds that he did not receive the Motion to Dismiss and/or for Summary Judgment from the State, and that he did not receive a copy of the State's response to the claimant's Motion to Set. The affidavit of the attorney for the claimant was attached to the Motion, which states in pertinent part:

He further states that he never received the State's Motion to Dismiss and/or for Summary Judgment and also never received a response to his Motion to Set.

In response to this Motion, the Commissioner denied any relief stating:

Upon a review of the procedural history of this claim, and upon a consideration of the Commission's policy of making every effort to be consistent in the treatment of parties with respect to procedural and substantive matters, it would be inappropriate to grant Mr. Bok's Motion to Reconsider.

The refusal to grant a new trial rests largely in the discretion of the Trial Judge. *Eastman v. Boyd*, 605 S.W.2d 237 (Tenn. App. 1979), but with due deference to the Commissioner, the Commissioner failed to exercise his discretion in this case as evidenced by his rote analysis in upholding the dismissal.

The claimant's attorney's sworn statement that he did not receive copies of the pleadings or notice, stands unrefuted on this record, and it was abuse of the Trial Court's discretion to dismiss the action on the basis that Claims Commission's rules had been violated because the claimant had not responded to the defendant's motion in a timely manner.

Where a party has no actual notice of a critical date in a court proceeding, the circumstances make out a case of mistake, surprise or excusable

2

neglect. *Campbell v. Archer*, 555 S.W.2d 110, 113 (Tenn. 1977). *Also see* this Court's case of *Tennessee Bank v. Lay*, 609 S.W.2d 525 (Tenn. App. 1980), wherein we noted that whenever there is reasonable doubt as to whether a default judgment should be set aside, the motion should be granted to reinstate.

We reverse the Commissioner's Order of Dismissal and remand to the Commission to rule on the Motion to Dismiss after the claimant has had an opportunity to respond within the time established by the Rules of the Commission.

We are constrained to note that the time delays in the procedures in this record do not reflect favorably upon the parties or the Commissioner. The defendant did not respond to the complaint for six months, and then filed a Motion to Dismiss. The Commissioner did not purport to act upon the Motion until some eighteen months after the Motion had been filed, and claimant had not timely moved to have the case set for trial.

We reverse the judgment of the Commissioner and remand with cost of the appeal assessed to the defendant.

\_\_\_\_

_____
Herschel P. Franks, J.

CONCUR:

_____
Houston M. Goddard, P.J.

_____
William H. Inman, Sr.J.